ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| WYNDMAR PV ENERGY, INC.<br><br>Parte Apelada<br><br>v.<br><br>ALVILDA ISABEL TORO CASELLAS<br><br>Parte Apelante | KLAN202300665 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2022CV04668<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de enero de 2024.

La Sra. Alvilda Isabel Toro Casellas (en adelante Sra. Toro Casellas o parte apelante) solicita que revoquemos la *Sentencia Parcial* emitida el 7 de junio de 2023, notificada el 8 de junio de 2023, por el Tribunal de Primera Instancia, Sala de Bayamón. En dicho dictamen, el foro de instancia declaró con lugar la solicitud de sentencia sumaria presentada por Wyndmar PV Energy (en adelante Wyndmar o parte apelada) y ordenó a la Sra. Toro Casellas pagarle a Wyndmar la suma ajustada de $49,962.44.

**I.**

El 12 de septiembre de 2022, Wyndmar presentó demanda sobre cobro de dinero en contra de la Sra. Toro Casellas. En síntesis, Wyndmar alegó que la Sra. Toro Casellas realizó transacciones no autorizadas con una tarjeta Visa Corporativa, perteneciente a Wyndmar, la cual estaba emitida a nombre del Sr. Luis Iván

González Serrallés[1], ex esposo de la parte apelante. Adujo que dichas transacciones, ascendentes a $52,243.43, se realizaron sin la autorización de Wyndmar. Expuso que la Sra. Toro Casellas reconoció la deuda, pero no la satisfizo, por lo que solicitó al TPI que declarara con lugar la demanda y ordenara a la Sra. Toro Casellas pagarle la suma reclamada, así como las costas, gastos y honorarios de abogado.

Luego de varios trámites procesales, la Sra. Toro Casellas presentó *Contestación a Demanda[2]* y también presentó *Demanda contra Tercero[3]* en contra del Sr. Luis Iván Gonzáles Serrallés.

Por su parte, el 2 de marzo de 2023, Wyndmar presentó *Solicitud de Sentencia Sumaria[4].* En síntesis, expuso que no está en controversia que la Sra. Toro Casellas realizó transacciones no autorizadas con una tarjeta Visa Corporativa perteneciente a Wyndmar, emitida a nombre del Sr. González Serrallés, ex esposo de la apelante. Alegó que, producto de dichas transacciones sin autorización, la Sra. Toro Casellas le adeuda las sumas reclamadas.

El 13 de marzo de 2023, el tercero demandado, Sr. Luis Iván González Serrallés, presentó su *Contestación a Demanda contra Tercero[5].* En resumen, sostuvo que nunca autorizó a la Sra. Toro Casellas utilizar la tarjeta corporativa de Wyndmar. Añadió que el matrimonio se constituyó bajo el régimen de separación total y absoluta de bienes. Por esto, el Sr. González Serrallés destacó que, independientemente de la fecha en que la apelante realizó las transacciones, conforme al régimen económico pactado entre estos,

---

[1] El Sr. González Serrallés, quien es empleado de Wyndmar PV Energy, Inc., es hijo del presidente de la corporación.
[2] *Íd.* págs. 24-25.
[3] *Íd.* págs. 26-28.
[4] *Íd.* págs. 29-44. En apoyo de su solicitud, Wyndmar acompañó lo siguiente: Anejo-I: Correo electrónico del 4 de abril de 2022, enviado por la Sra. Toro Casellas en el que esta reconoce la deuda; Anejo-II: Declaración jurada de la *Comptroller* de Wyndmar en la que se declara que la Sra. Toro Casellas no contaba con autorización para utilizar la tarjeta corporativa y que de la cantidad reclamada se aplicó un crédito, por lo que la deuda neta es $49,962.44.
[5] *Íd.* págs. 45-48.

la Sra. Toro Casellas era responsable de las deudas incurridas por ella durante y después del matrimonio. Señaló que las partes estuvieron separadas cerca de un año antes de divorciarse. También, que la Sra. Toro Casellas realizó las transacciones no autorizadas con posterioridad a la separación y divorcio entre las partes, sin conocimiento y consentimiento del Sr. González Serrallés.

Mientras, el 30 de marzo de 2023, la Sra. Toro Casellas presentó *Oposición a "Solicitud de Sentencia Sumaria" y Solicitud de Sentencia Sumaria Interlocutoria*[6]. En resumen, adujo que existía controversia en cuanto a la fuente de obligación de pago, pues entre ella y la corporación, no existía vínculo obligacional alguno. En esa línea, señaló que no venía obligada en derecho a pagar una deuda en la que es el Sr. González Serrallés quien figura como deudor. La Sra. Toro Casellas expuso que utilizó la tarjeta con el conocimiento y consentimiento del Sr. González Serrallés, ya que éste acostumbraba a enviarle foto de la tarjeta corporativa mediante mensajes de texto. Afirmó que ella la utilizó bajo la creencia y costumbre de que Wyndmar cubría los gastos de la familia González Toro.[7] Por lo anterior, la Sra. Toro Casellas solicitó que se dictara sentencia sumaria desestimando la acción en cobro de dinero instada en su contra. En la alternativa, pidió que se denegara la solicitud de sentencia sumaria de Wyndmar por existir hechos en controversia que impiden la adjudicación sumaria del caso.

El 25 de abril de 2023, Wyndmar presentó réplica mediante *Moción en Cumplimiento de Orden*[8], en la que reiteró que la Sra. Toro Casellas no tenía autorización para utilizar la tarjeta corporativa de Wyndmar.

---

[6] *Íd.* págs. 49-60. En apoyo a su solicitud, la Sra. Toro Casellas solo incluyó una declaración jurada suscrita por ella, en la que reiteró lo alegado en su escrito en oposición.
[7] *Íd.* Pág. 51.
[8] *Íd.* págs. 62-64.

Evaluados los escritos y la prueba documental presentada por las partes, el 7 de junio de 2023, notificada el 8 de junio de 2023, el TPI emitió *Sentencia Parcial*. En esta, el foro primario enumeró como hechos que no están en controversia, los siguientes:

1. La parte demandante Wyndmar PV Energy, Inc. es una corporación organizada y existente bajo las leyes del Estado Libre Asociado de Puerto Rico, con sus principales oficinas localizadas en Bayamón, Puerto Rico. Postal: PO Box 13942, San Juan, PR 00908, Física: Naval Security Group Activity Base, Carr. 867 Km. 2.0, Sabana Seca, Toa Baja, PR 00952. Tel 787-641-2331.

2. La parte demandada Sra. Alvilda Isabel Toro Casellas, mayor de edad, soltera, propietaria y vecina de San Juan, Puerto Rico. A la demandada se le reconoce su capacidad de demandar y ser demandada siendo su última dirección conocida la siguiente: Urb. Santa María, Calle Trinitaria #124, San Juan, PR 00927. Tel. 787-550-6065.

3. La Sra. Alvilda Isabel Toro Casellas realizó transacciones no autorizadas con una tarjeta Visa Corporativa a nombre de su exesposo Luis Iván González Serrallés que pertenecía a la demandante Wyndmar. Admitida por la demandada en el correo electrónico por ella enviado el día 4 de abril de 2022. Anejo I de la Sumaria.

   En el correo electrónico, que al inciso V(2) de la Oposición la parte demandada reconoce su existencia; la parte demandada escribió:

   *"Buen día.*

   *Adjunto spreadsheet con el detalle de gastos de Amazon que aparecen en el spreadsheet que me enviaron, **correspondiente a la tarjeta de Luis Ivan Visa**, que termina con los números 8776.*
   *Según se desprende, **hay una serie de gastos míos personales** que suman $42,063.36. ya se solicitó reembolso a la cuenta de Amazon por la cantidad aproximada de $11,691.70. Por lo tanto, al día de hoy, se adeuda $30,643.71. Me dejan saber a nombre de qui[é]n se hará el cheque para emitir el pago.*

   *En adición, hay otros gastos por la cantidad de $10,884.98, correspondientes a gastos de la casa y los niños.*

   *Por último, hay una totalidad de $2,031.98 que no reconozco los artículos ni persona quien los hizo ni la titularidad de esa cuenta de Amazon.*

   *Quedo en espera de confirmación a nombre de quién se hace el cheque.*

> *[S]aludos cordiales,*
>
> *Chabe"*
>
> 4. Que las transacciones realizadas por la Sra. Toro fueron hechas sin la autorización de la parte demandante. Wyndmar reconoció unos créditos reduciendo la suma adeudada a $49,962.44.[9]

El foro primario resaltó que la apelante no presentó prueba de las comunicaciones a las que aludió en la declaración jurada que acompañó con su moción en oposición, que presuntamente demostraban el consentimiento del Sr. González Serrallés para que la Sra. Toro Casellas hiciera uso personal de la tarjeta corporativa.[10] Añadió que la Sra. Toro Casellas tampoco presentó prueba para sustentar su alegación de que Wyndmar acostumbraba a cubrir los gastos de la familia Toro Casellas. A su vez, el TPI destacó la inconsistencia habida en las defensas de la Sra. Toro Casellas, al mencionar que esta, por un lado, reconoce en su escrito en oposición[11] a la sentencia sumaria que existió una total separación de bienes durante el matrimonio; y, por el otro, le impone al Sr. González Serrallés la obligación de pagar las deudas personales incurridas por ella.

Por último, el TPI subrayó que la Sra. Toro Casellas no disputó la cifra de $49,962.44 reclamada por Wyndmar, sino que se limitó a argumentar que entendía que el uso estaba autorizado por la costumbre de que la corporación cubriera los gastos de la familia Serrallés Toro. El foro primario entendió que ello demostraba que no existía controversia en cuanto a la liquidez y exigibilidad de la deuda.

En virtud de lo anterior, el TPI declaró no ha lugar la *Oposición a "Solicitud De Sentencia Sumaria"* y *Solicitud de Sentencia Sumaria Interlocutoria* presentada por la Sra. Toro Casellas; y declaró con

---

[9] (Énfasis suplido. Bastardillas en el original). Apéndice del recurso, págs. 78-79.
[10] Apéndice del recurso, pág. 82.
[11] Apéndice del recurso, página 56.

lugar la *Solicitud de Sentencia Sumaria* presentada por Wyndmar. Por consiguiente, ordenó a la Sra. Toro Casellas el pago de la suma ajustada de $49,962.44.

El 21 de junio de 2023, la Sra. Toro Casellas presentó una *Solicitud de Reconsideración.* El 29 de junio de 2023, el foro primario denegó la solicitud de reconsideración de la Sra. Toro Casellas. En igual fecha, el TPI también emitió sentencia sumaria mediante la cual desestimó la demanda contra tercero instada por la Sra. Toro Casellas en contra del Sr. González Serrallés. [12]

Inconforme, el 31 de julio de 2023, la Sra. Toro Casellas instó el presente recurso y formuló el siguiente señalamiento de error:

> PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR "CON LUGAR" LA SOLICITUD DE SENTENCIA SUMARIA POR LA PARTE APELADA, AUN CUANDO EXISTEN CONTROVERSIAS SUSTANCIALES DE HECHOS RELACIONADAS A LOS ELEMENTOS ESENCIALES DE UNA RECLAMACIÓN DE COBRO DE DINERO.

En síntesis, la Sra. Toro Casellas sostiene que el foro primario erró al resolver el pleito por la vía sumaria, pues existe controversia en cuanto a la cantidad real que se adeuda, así como que la deuda, según reclamada en la demanda, no se pude deducir que sea líquida, vencida y exigible. La apelante se fundamenta en el hecho de que entiende que existe controversia sobre la cantidad real y cierta que se debe y sobre la exigibilidad de esta. Alega que en el correo electrónico enviado a Wyndmar, ella cuestiona la cantidad que se reclama. En específico, la Sra. Toro Casellas aduce que, en cuanto a la liquidez de la deuda, Wyndmar se limitó a presentar un *spreadsheet* de una tabla de Excel preparada por la *comptroller* de la corporación y que no obra evidencia adicional que sostenga la

---

[12] Aunque en el recurso que nos ocupa la Sra. Toro Casellas menciona que el TPI desestimó la demanda contra tercero instada en contra del Sr. González Serrallés mediante Sentencia Sumaria emitida el 28 de junio de 2023, notificada el 29 de junio de 2023, la revisión solicitada en el presente recurso es en cuanto a la Sentencia del 7 de junio de 2023. La Sra. Toro Casellas no solicitó reconsideración ante el TPI ni presentó un recurso en revisión de la Sentencia del 28 de junio de 2023.

cantidad reclamada. Añadió que ni siquiera se han provisto los estados de cuenta de la entidad bancaria de la Visa Corporativa, los cuales se podrían obtener a través del descubrimiento de prueba que la Sra. Toro Casellas se vio privada de tener, debido a que el TPI determinó de forma sumaria que no había controversia sobre la liquidez de la deuda.

El 22 de agosto de 2023, Wyndmar presentó *Alegato en Oposición a Apelación.* En esencia, Wyndmar aduce que la Sra. Toro Casellas no presentó alegación ni evidencia alguna sobre la existencia de controversia de hechos materiales que impidieran dictar la sentencia recurrida y que el asunto a dirimir no era para qué tipo de gastos la apelante utilizó la tarjeta corporativa, sino que no tenía autorización para utilizarla. Reiteró que la Sra. Toro Casellas reconoció la deuda en el correo electrónico enviado a Wyndmar. Además, Wyndmar señaló que el foro primario desestimó la demanda contra tercero instada por la Sra. Toro Casellas contra su exesposo, el Sr. González Serrallés.[13] Destacó que el término para solicitar reconsideración, así como el término para apelar dicha determinación venció sin que la Sra. Toro Casellas solicitara reconsideración al TPI o presentara apelación ante este foro intermedio. De tal forma, y a tenor de las determinaciones emitidas por el foro primario en la sentencia que desestimó la demanda contra tercero, Wyndmar sostiene que, en virtud de la doctrina de impedimento colateral por sentencia y "ley del caso", la apelante está impedida de impugnar el dictamen recurrido.

**II.**

**A.**

---

[13] Véase, Sentencia emitida el 28 de junio de 2023, notificada el 29 de junio de 2023, Entrada Núm. 54 del Sistema Unificado de Manejo de Casos (SUMAC). En esta el TPI declaró Ha Lugar la *Moción de Sentencia Sumaria*, presentada por el Sr. González Serrallés y, en consecuencia, desestimó la Demanda Contra Tercero presentada por la Sra. Alvilda Isabel Toro Casellas.

En un caso de cobro de dinero el demandante sólo tiene que probar: (1) que existe una deuda válida; (2) que la misma no se ha pagado; y (3) que es el acreedor y los demandados sus deudores.[14] En el caso *Ramos de Szendrey v. Colón Figueroa[15]*, el Tribunal Supremo de Puerto Rico se expresó sobre el requisito de que una deuda sea líquida y exigible. A esos efectos, expuso:

> Cuando se presenta una demanda en cobro de dinero se debe alegar que la deuda reclamada es una "líquida, vencida y exigible". Ello se debe, a que únicamente pueden reclamarse por la vía judicial, aquellas deudas que hayan advenido líquidas, vencidas y exigibles. Una deuda es líquida, vencida y, por tanto, exigible cuando por la naturaleza de la obligación o por haberlo requerido el acreedor, la deuda debe ser satisfecha. Asimismo, si la cuantía debida es cierta y determinada, se considera que la deuda es líquida y, por consiguiente, puede ser exigible en derecho antes su vencimiento. Es decir, la deuda es líquida cuando se sabe cuánto es lo que se debe. Igualmente se considera que la deuda es "exigible" cuando la obligación no está sujeta a ninguna causa de nulidad y puede demandarse su cumplimiento. *Guadalupe v. Rodríguez*, 70 DPR 958 (1950). Por ello, al alegarse que la deuda es líquida y exigible se están exponiendo hechos, a saber: que la cantidad adeudada ha sido aceptada como correcta por el deudor y que está vencida. En resumen, la deuda es líquida cuando se sabe cuánto es lo que se debe y se considera exigible cuando la obligación no está sujeta a ninguna causa de nulidad.

**B.**

El mecanismo de sentencia sumaria, regulado por la Regla 36 de Procedimiento Civil[16] permite al tribunal disponer de un caso sin celebrar vista en su fondo.[17]

A tales efectos, la Regla 36.3(e) de Procedimiento Civil provee que, para que proceda dictar sentencia sumaria, es necesario que de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, surja que no hay controversia real sustancial en cuanto a

---

[14] *General Electric v. Concessionaires, Inc.*, 118 DPR 32 (1986).
[15] 153 DPR 534 (2001).
[16] 32 LPRA Ap. V, R. 36.
[17] *Abrams Rivera v. E.L.A.*, 178 DPR 914, 932 (2010); *Nieves Díaz v. González Massas*, 178 DPR 820, 847 (2010); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

ningún hecho material y que, como cuestión de derecho, debe dictarse sentencia sumaria a favor de la parte promovente.[18]

El Tribunal Supremo de Puerto Rico ha reiterado que un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable.[19] De modo que, ante la clara ausencia de certeza sobre todos los hechos materiales en controversia, no procede dictar sentencia sumaria.[20]

Por su parte, le corresponde a la parte promovida rebatir dicha moción por vía de declaraciones juradas u otra documentación que apoye su posición, pues si bien el no hacerlo nunca significa necesariamente que ha de emitirse el dictamen sumario automáticamente en su contra, tal omisión lo pone en riesgo de que ello ocurra.[21]

De acuerdo con la Regla 36.3(c) de Procedimiento Civil, cuando se presenta una moción de sentencia sumaria, la parte contraria no puede descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que se encuentra obligada a contestar de forma tan detallada y específica como lo haya hecho la parte promovente, ya que, si no lo hace de esta forma, se dictará la sentencia sumaria en su contra, si así procede.[22]

Asimismo, toda inferencia que se haga de los hechos incontrovertidos debe hacerse de la manera más favorable a la parte que se opone a la misma.[23] No obstante, "cualquier duda no es suficiente para derrotar una moción de sentencia sumaria. Tiene

---

[18] 32 LPRA Ap. V, R. 36.3(e); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013); *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión*, supra, pág. 214; *González Aristud v. Hosp. Pavía*, 168 DPR 127, 137-138 (2006).
[19] *Const. José Carro v. Mun. Dorado*, 186 DPR 113, 129-130 (2012); *Ramos Pérez v. Univisión*, supra, pág. 213.
[20] *Mejías et al. v. Carrasquillo et al.*, supra, pág. 299; *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 DPR 714 (1986).
[21] *Ramos Pérez v. Univisión*, supra, pág. 215; *Toro Avilés v. P.R. Telephone Co.*, 177 DPR 369, 383-384 (2009).
[22] 32 LPRA Ap. V, R. 36.3(c).
[23] *Mejías et al. v. Carrasquillo et al.*, supra, pág. 300; *Corp. Presiding Bishop CJC of LDS v. Purcell*, supra, pág. 721.

que ser una duda que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes".[24]

Resulta menester precisar que:

> [A]l dictar sentencia sumaria el tribunal deberá: (1) analizar los documentos que acompañan la solicitud de sentencia sumaria y los documentos incluidos con la moción en oposición, así como aquellos que obren en el expediente del tribunal; (2) determinar si el oponente de la moción controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos.[25]

A tales efectos, el juzgador no está limitado por los hechos o documentos que se aduzcan en la solicitud, sino que debe considerar todos los documentos del expediente, sean o no parte de la solicitud de sentencia sumaria, de los cuales surjan admisiones hechas por las partes.[26]

En el caso de un foro apelativo, este debe utilizar los mismos criterios que el tribunal sentenciador al determinar si procede dictar sentencia sumaria, sin embargo: (1) sólo puede considerar los documentos que se presentaron ante el foro de primera instancia; y (2) sólo puede determinar si existe o no alguna controversia genuina de hechos materiales y si el derecho se aplicó de forma correcta.[27]

Ahora bien, por estar en la misma posición que el foro primario al momento de revisar las solicitudes de sentencia sumaria, el Tribunal Supremo de Puerto Rico estableció un estándar específico, que, como foro apelativo, debemos utilizar. A tales efectos, en *Meléndez González, et al. v. M. Cuebas*[28], el Tribunal Supremo indicó que, de entrada, debemos revisar que tanto la moción de sentencia sumaria, así como su oposición, cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento

---

[24] *Const. José Carro v. Mun. Dorado*, supra, pág. 130; *Ramos Pérez v. Univisión*, supra, pág. 214.

[25] *S.L.G. Szendrey-Ramos v. Consejo Titulares*, 184 DPR 133, 167 (2011); que cita a *Vera v. Dr. Bravo*, 161 DPR 308, 333 (2004). Véase, además, *López v. Miranda*, 166 DPR 546, 562-563 (2005).

[26] *Const. José Carro v. Mun. Dorado*, supra, pág. 130; *Cuadrado Lugo v. Santiago Rodríguez,* 126 DPR 272, 280-281 (1990).

[27] *Const. José Carro v. Mun. Dorado*, supra, pág. 129.

[28] 193 DPR 100 (2015).

Civil.[29] Subsecuentemente, si existen hechos materiales controvertidos, "el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos"[30]. Por el contrario, si encontramos que los hechos materiales del caso son incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente la norma jurídica aplicable a la controversia que tuvo ante sí.[31]

Claro está, lo anterior en nada altera la reiterada normativa en cuanto a que, cuando se utiliza la sentencia sumaria, "el sabio discernimiento es el principio rector para su uso porque, mal utilizada, puede prestarse para despojar a un litigante de su día en corte, principio elemental del debido proceso de ley".[32]

**III.**

La Sra. Toro Casellas aduce que el foro primario erró al declarar con lugar la solicitud de sentencia sumaria presentada por Wyndmar, por entender que existen controversias sustanciales sobre los hechos del caso. En específico, señala que existe controversia en cuanto a los elementos esenciales de la reclamación de cobro de dinero, en específico, la liquidez y exigibilidad de la deuda.

Por su parte, Wyndmar señala que la Sra. Toro Casellas no presentó alegación ni evidencia alguna sobre la existencia de controversia de hechos materiales que impidieran dictar sentencia sumaria. Wyndmar reiteró que la Sra. Toro Casellas reconoció la deuda a través del mensaje cursado por esta vía correo electrónico. En apoyo a su postura, Wyndmar aludió a la desestimación

---

[29] *Íd.*, pág. 118.
[30] *Íd.*, pág. 119.
[31] *Íd.*
[32] *Mejías et al. v. Carrasquillo et al.*, supra, pág. 300; *MGMT. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 611 (2000).

decretada por el TPI de la demanda contra tercero instada por la Sra. Toro Casellas contra el Sr. González Serrallés[33], y al hecho de que esta no solicitó la reconsideración ni apeló el dictamen.

Según mencionado, como foro apelativo, debemos utilizar los mismos criterios que el foro primario al determinar si procede dictar sentencia sumaria. Sin embargo, sólo podemos considerar los documentos que se presentaron ante el foro de primera instancia y determinar si existe o no alguna controversia genuina de hechos materiales y si el derecho se aplicó de forma correcta.[34]

Ahora bien, por encontrarnos en la misma posición que el foro primario al momento de revisar las solicitudes de sentencia sumaria, debemos utilizar el estándar específico establecido por el Tribunal Supremo de Puerto Rico. A tenor de ello, debemos revisar que tanto la moción de sentencia sumaria, así como su oposición, cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil.[35] Si existen hechos materiales controvertidos, "el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos".[36] Por el contrario, si encontramos que los hechos materiales del caso son incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente la norma jurídica aplicable a la controversia que tuvo ante sí.[37]

Cónsono con lo resuelto en *Meléndez González v. M. Cuebas*, supra, este Tribunal revisó la solicitud de sentencia sumaria presentada por Wyndmar, y la oposición y solicitud de sentencia sumaria presentada por la Sra. Toro Casellas. Luego de analizar los escritos, concluimos que ambas partes cumplieron con los

---

[33] Supra, nota 13.
[34] *Const. José Carro v. Mun. Dorado*, supra, pág. 129.
[35] *Meléndez González, et al. v. M. Cuebas,* supra, pág. 118.
[36] *Íd.*, pág. 119.
[37] *Íd.*

requisitos de forma codificados en la Regla 36 de Procedimiento Civil.[38]

Wyndmar expuso los hechos esenciales e incontrovertidos, debidamente enumerados, así como los documentos que unió a su solicitud en apoyo a sus enunciados. También anejó el correo electrónico de la Sra. Toro Casellas en el que reconoce la deuda reclamada (Anejo I), la declaración jurada de la *comptroller* de Wyndmar (Anejo II)[39] y hojas electrónicas (*spreadsheets)* de las transacciones realizadas por la Sra. Toro Casellas. Por igual, Wyndmar expuso los asuntos de derecho en controversia que justificaban la resolución sumaria, así como el remedio solicitado.

Por su parte, la Sra. Toro Casellas planteó en su oposición algunas refutaciones generales de los hechos esenciales expuestos por Wyndmar, con el fin de establecer controversias de hechos y derrotar la solicitud de sentencia sumaria de dicha parte. En particular, alegó que entendía que el uso de la tarjeta de crédito corporativa estaba autorizado por la costumbre de que la corporación cubriera los gastos de la familia González Toro. En apoyo, solamente unió una declaración jurada suscrita por ella en la que repite las afirmaciones esbozadas en su oposición. Sin embargo, lo cierto es que ello no refutó las alegaciones de Wyndmar sobre la utilización no autorizada de la tarjeta ni la cifra cuyo pago se reclama.

Así pues, examinados los escritos, concluimos que el foro primario actuó correctamente al declarar con lugar la solicitud de sentencia sumaria, pues no existe controversia genuina de hechos materiales que impidiera la resolución sumaria del pleito. Nuestro ordenamiento jurídico establece que cuando una parte solicita sentencia sumaria e incluye con su moción prueba para demostrar

---

[38] *Meléndez González, et al. v. M. Cuebas,* supra.
[39] Apéndice del recurso, pág. 37.

que no existe controversia sustancial sobre los hechos del caso, corresponde a la otra parte establecer que existe una controversia real al menos sobre un elemento de la causa de acción, ofrecer prueba sobre alguna de sus defensas afirmativas, o presentar prueba que refute la credibilidad de los documentos en apoyo a la solicitud de sentencia sumaria.

Respecto a la presunta iliquidez de la deuda, en nuestro ordenamiento, una deuda es "líquida" cuando la cuantía de dinero debida es "cierta" y "determinada".[40] Únicamente son reclamables por la vía judicial aquellas deudas vencidas, líquidas y exigibles.[41] En cuanto a las obligaciones, el vocablo "líquida" significa el saldo o residuo de una cuantía cierta; y el término "exigible" se refiere a que puede demandarse su cumplimiento.[42] Por lo tanto, "al alegarse que la cuenta es 'líquida y exigible' se están exponiendo hechos, a saber: que el residuo de la cuantía ha sido aceptado como correcto por el deudor y que está vencido".[43]

En este caso, Sra. Toro Casellas admitió que utilizó una tarjeta corporativa propiedad de Wyndmar, cuyo tarjetahabiente es el Sr. González Serrallés, para realizar transacciones *personales*. Ello así a través de un mensaje de correo electrónico en el que reconoce que el *spreadsheet* enviado corresponde a "la tarjeta de Luis Ivan (sic) Visa" y expresa "hay una serie de gastos *míos personales*." Lo anterior se desprende también de la declaración jurada de la *comptroller* de Wyndmar, en la que se certifica que la tarjeta corporativa no estaba emitida a nombre de la Sra. Toro Casellas.

---

[40] *Ramos y otros v. Colón y otros*, 153 DPR 534, 546 (2001).
[41] *RMCA v. Mayol Bianchi*, 208 DPR 100, 108 (2021), que cita a *Ramos y otros v. Colón y otros*, supra, pág. 546.
[42] *RMCA v. Mayol Bianchi*, supra, págs. 108-109, que cita a *Guadalupe v. Rodríguez*, 70 DPR 958, 966 (1950).
[43] *RMCA v. Mayol Bianchi*, supra.

También en la declaración jurada suscrita por la *comptroller* de Wyndmar consta que la Sra. Toro Casellas no estaba autorizada para utilizar la tarjeta de crédito corporativa, así como surge, a su vez, el ajuste y el impago de la cuantía. Por tanto, tampoco hay controversia de que la deuda objeto del presente pleito es una líquida, vencida y exigible.

Ante la moción presentada por Wyndmar, le correspondía a la Sra. Toro Casellas rebatir por vía de declaraciones juradas u otra documentación que apoye su posición. Sin embargo, la Sra. Toro Casellas solo incluyó una declaración jurada en la que menciona alegaciones para los cuales no aportó evidencia adicional en apoyo de su oposición. En efecto, en la sentencia apelada, el foro primario destacó que no surgía del expediente documentación que evidenciara las alegaciones presentadas por la Sra. Casellas en torno la autorización del uso de la tarjeta, así como de las comunicaciones mencionadas por esta en su declaración jurada. Por lo anterior, concluyó que la Sra. Toro Casellas no logró rebatir la moción de sentencia sumaria presentada por Wyndmar y correctamente declaró con lugar la demanda presentada por Wyndmar. En consecuencia, procede confirmar el dictamen apelado.

IV.

Por los fundamentos anteriormente expuestos, se confirma la *Sentencia Parcial* emitida el 7 de junio de 2023.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones